IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DEVERICK SCOTT
ADC #131042                                                              PLAINTIFF

v.                              No. 5:19-cv-63-DPM

JAMES GIBSON, Warden, Varner Unit;
VIRGINIA ALLEN, Mailroom Supervisor,
Varner Supermax Unit; TRENT SMITH,
Officer, Varner Supermax Unit; JOHN
POLLETT, Chaplain, Varner Supermax
Unit; SEAM TREAS, Chaplain, Varner
Supermax Unit; DEXTER MCDONNELL,
Chaplain, Varner Supermax Unit; DOES,
Publication Review Committee Members,
Varner Unit; and BRIANA BOATNER                                          DEFENDANTS

ORDER

On *de novo* review, the Court adopts the recommendation, *Doc. 58*, as modified and overrules Scott's objections, *Doc. 60 & 61*. FED. R. CIV. P. 72(b)(3).

The modifications: First, the recommendation says Scott didn't show how the lack of a feast tray prevented his celebration, in part because specific food wasn't required or typical for the feast. *Doc. 58 at 10*. In his objections, Scott says the withholding of the feast tray prevented him from "achieving the peace and focus that is part of the

Ramadan observance." *Doc. 60 at 2.* Viewing the record in the light most favorable to Scott, the Court does not adopt the recommendation on this point. *Smith-Bunge v. Wisconsin Central, Ltd.*, 946 F.3d 420, 424 (8th Cir. 2019). But, the Court agrees with the Magistrate Judge's ultimate conclusion: The feast tray incident, even combined with the Ramadan meal incident, does not rise to the level of a substantial burden, under either RLUIPA or the First Amendment. *Mbonyunkiza v. Beasley*, 956 F.3d 1048, 1053–54 (8th Cir. 2020); *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 n.7 (8th Cir. 2008).

Second, the Court declines the recommendation's last paragraph, which deals with qualified immunity on Scott's retaliation claim. *Doc. 58 at 15 & n.8.* Prisoners have a clearly established right to be free from retaliation for using the grievance process. *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013). And the adverse action "itself need not be a constitutional violation; the violation is acting in retaliation for the exercise of a constitutionally protected right." *Spencer v. Jackson County, Missouri*, 738 F.3d 907, 911 (8th Cir. 2013). The Court agrees with the Magistrate Judge, though, that Scott's retaliation claim fails on the merits.

Motion for summary judgment, *Doc. 47*, granted. Scott's claims will be dismissed with prejudice.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

18 August 2020